LINDA TIRELLI, ESQ
COUNSEL FOR DEBTOR
ONE NORTH LEXINGTON AVEUNE, 11TH FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860 / FAX(914)946-0870

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## POUGHKEEPSIE DIVISION

--------------------------------------------------------------------X

IN RE:  ROSALIND PHILLIPS

**Ch. 13 Case No: 10-38286 (cgm)**

### DEBTOR

_____

**ROSALIND PHILLIPS**

### PLAINTIFF

Adv. Pro._____

**v.**


**ONEWEST BANK FSB,**
**INDYMAC MORTGAGE SERVICES**
### DEFENDANTS

--------------------------------------------------------------------X

_____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I.     COMPLAINT

1.     This is an action for actual and punitive damages filed by debtor Rosalind Phillips

("Plaintiff") pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and

Rules 2016(a) and 3001(e) of the Federal Rules of Bankruptcy  and


2.     This is an action for damages brought by an individual consumer for Defendant's

violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and the Real Estate

Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"). Specifically, Plaintiff seeks

the remedies as provided in TILA and RESPA for Defendant's failures to respond to requests for

the identity of the owner of Plaintiff's mortgage loan as required by 15 U.S.C. §1641(f) and 12

U.S.C. § 2605(e) and also the consumer's request for information regarding the servicing of her mortgage loan.

3.      This Complaint focuses on the brazen fraud perpetrated on the Court and the Plaintiff by (a) Defendants' after-the-fact fabrication of documents in support of their claims and pleadings in Ms. Phillips Chapter 13 bankruptcy case, (b) Defendants' fraudulent  misrepresentation of the identity and authority of the individuals who signed the fraudulent documents (c) the fraudulent misrepresentation of the owner and real party in interest (d) the fraudulent, illegal and unauthorized fees and charges applied to Plaintiff's mortgage account and included by Defendants in their Proof of Claim filed in Ms. Phillips Chapter 13 case (e) the failure,  refusal and/or otherwise untimely response of the defendants in answer to a proper consumer inquiry made by Ms. Phillips through her attorney pursuant to the Truth in Lending Act ("TILA") (f) the failure,  refusal and/or otherwise untimely response by one or more of the defendants in answer to a consumer inquiry made by Ms. Phillips through her attorney pursuant to the Real Estate Settlement Procedures Act ( "RESPA"), and  (g) the illegal and unauthorized demand for payment by one or more of the defendants for information and documentation in response a RESPA request.

## II.      JURISDICTION AND VENUE

Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this Proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

4.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§ 157(b)(2), 1334.

5.      This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

6.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

7.      Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

### III.   PARTIES

8.      The Plaintiff, Ms. Rosalind Phillips, is a natural person residing in Poughkeepsie, New York and the debtor in the underlying Chapter 13 case.

9.      Defendant, OneWest Bank, FSB ("OneWest") is a financial institution and/or is a mortgage servicer and/or is an insured depository institute as defined in section 3 of the Federal Deposit Insurance Act assigned FDIC Certificate Number 58978 and has appeared through counsel in the instant bankruptcy case, with a business address of  888 East Walnut  Street, Pasadena, CA 91101.  OneWest may be served by mailing a copy of the Summons and Complaint, via certified  first class U.S. Mail, to Molly Graham, First Vice President, OneWest Bank, 888 East Walnut Street, Pasadena, CA 91101.  OneWest may also be served by mailing a copy of the Summons and Complaint, via first class U.S. Mail, to Office of Corporate Counsel, OneWest Bank, 888 East Walnut Street, Pasadena, CA 91101. OneWest may also be served by mailing a copy of the Summons and Complaint, via first class U.S. Mail, to its counsel of record, Raquel Felix, Esq. c/o Frenkel & Lambert , LLP, 20 West Main Street , Bay Shore, NJ 11706.

10.      Defendant, IndyMac Mortgage Services is a mortgage servicer and based upon information and belief a subsidiary or business entity related to OneWest with a business address of  1 Banting, Irvine, CA 91101.  IndyMac Mortgage Services may be served by mailing a copy of the Summons and Complaint, via first class U.S. Mail, to 1 Banting, Irvine, CA 91101. IndyMac Mortgage Services may be served by mailing a copy of the Summons and Complaint,

via first class U.S. Mail, to Office of Corporate Counsel, OneWest Bank, 888 East Walnut Street,

Pasadena, CA 91101.  IndyMac Mortgage Services may be served by mailing a copy of the

Summons and Complaint, via first class U.S. Mail, to 6900 Beatrice Drive, Kalamazoo, MI

49009.

11.     Nothing in these pleadings shall serve as an admission that either Defendant OneWest or

IndyMac Mortgage Service  has the right to service Plaintiffs' mortgage loan or that Defendant

OneWest actually owns Plaintiff's mortgage loan or has a secured interest in Plaintiff's real

property.

## IV.     FACTUAL ALLEGATIONS

12.      Plaintiff  purchased her homestead located at 16 Wayne Drive, Poughkeepsie, NY

12601( the "residence" or "home") in a transaction that closed on January 4, 2008.

13.     The Plaintiff is the owner together with her son, Mr. Delroy Smith ( hereinafter "Smith")

a non-debtor, of the premises which the Debtor maintains as her primary residence.

14.     "IndyMac Bank, F.S.B. a Federally Chartered Savings Bank" was the primary lender for

the Plaintiff's purchase money mortgage loan for the property  ( the "IndyMac Bank FSB loan")

in the original amount of $304,000.00 as evidenced by a Note dated January 4, 2008 and a

Mortgage (hereinafter the "Mortgage") dated January 4, 2008 executed by both the Plaintiff and

Smith.

15.     As a result of the closing, IndyMac Bank, F.S.B. a Federally Chartered Savings Bank,

was the original owner and holder of a purchase money first lien against the property.

16.     Prior to the filing of the Plaintiff's Chapter 13 bankruptcy petition, Indymac Mortgage

Services was acting as servicer for the Plaintiff's loan.

17.    The Plaintiff's proposed Chapter 13 Plan lists "Indymac" as a disputed creditor on a claim secured by the debtor's homestead in the amount of $22,110.00 which represents the alleged arrearages on her mortgage Note.

18.    On November 29, 2010 a proof of claim was filed by "OneWest Bank, FSB" ( hereinafter "OneWest")  which appears as claim number 2-1 on the court's ECF System ( the "POC").   Said POC asserts a secured interest in Plaintiff's  homestead.

19.    As evidence of the alleged indebtedness, and chain of title /transfers, OneWest attached to the proof of claim the following:

a. Official Form 10, signed by Raquel Felix, of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP,  As Attorney for the creditor,   OneWest Bank FSB.

b. A single page "Mortgage Arrears through October 29, 2010" which indicates a breakdown  of the purported claim as follows:

| | |
|---|---|
| 6 Monthly payments of $2723.77 | $16,342.62 |
| For 5/1/20 through 10/1/10 | |
| Inspection fees | $     55.00 |
| Pre-petition foreclosure legal fees | $   980.00 |
| Pre-petition foreclosure legal costs | $ 1,515.50 |
| Total Due: | $18,893.12 |

c.  A TWO (2) page document, "Assignment of Mortgage" dated October 13, 2010 signed by "Brian Burnett, Assistant Vice President of Mortgage Electronic Registration Systems, Inc. as Nominee for IndyMac Bank, F.S.B." which purports to assign the debtor's mortgage from IndyMac Bank, F.S.B. to OneWest Bank, FSB.  Both assignor and assignee list the same address in the body of the purported assignment, "888 East Walnut Street, Pasdena, CA 91101."  Despite both parties listing California addresses, the document is signed and notarized in Travis County, Texas.

5

d.  A single page "Dutchess County Clerk Recording Page" indicating a recording of an 18 page document, "Mortgage" on January 17, 2008 naming the Mortgagor as Rosalind Phillips and the Mortgagee as IndyMac Bank FSB;

e. A SEVENTEEN (17) page document "Mortgage" dated January 4, 2008 bearing "MIN: 100055401285961407"  and indicating the following parties:

<u>Lender</u> :  "IndyMac Bank, F.S.B. a Federally Chartered Savings Bank"

<u>Borrower</u>:  "Rosalind Phillips and Delroy Smith"

<u>MERS</u>:  "MERS is Mortgage Electronic Registration Systems, Inc….acting solely as nominee…**for purposes of recording this mortgage, MERS is the Mortgagee of Record**"

f.  A THREE (3) page document  "Note" dated January 4, 2008 bearing a stamp in bold block letters at the top right, "ORIGINAL" (hereinafter "Note A") naming "IndyMac Bank, F.S.B. a Federally Chartered Savings Bank" as "Lender" and "Rosalind Phillips and Delroy Smith" as "Borrowers".   Note A bears an endorsement in blank at the bottom of page 3 with what appears to purport to be the signature of  "Vincent Dombrowski, Vice President of Indymac Bank, FSB"; and

g.  A THREE (3) page document  "Note" dated January 4, 2008 bearing handwriting at the top right side of the first page, "Certified a True Copy" with an illegible signature (hereinafter  "Note B").  Like Note A, Note B names "IndyMac Bank, F.S.B. a Federally Chartered Savings Bank" as "Lender" and "Rosalind Phillips and Delroy Smith" as "Borrowers".   However, Note B bears no indorsement stamp nor does it have the word " Original" stamped across the top.  This note is un-indorsed.

20.     In a manner consistent with the Honorable Judge Glenn's opinion in In re Minbatiwalla,

Case No. 09-15693 (MG) Plaintiff through her counsel sent a letter dated February 10, 2011 to

opposing counsel, namely Attorney Raquel Felix, the signer of the Proof of Claim, requesting,

among other things, proof that the named creditor has authority to file the proof of claim and

demanding documentation that it has standing in this case.   To date, the undersigned never

received any response from Attorney Felix.


21.     On February 10, 2011, the Plaintiff through her counsel served a Qualified Written

Request ("QWR") pursuant to RESPA and a Written Request under TILA upon OneWest Bank.

Copies of said RESPA and TILA requests were enclosed in the February 10, 2011

correspondence to Attorney Felix mentioned in paragraph 8 above.  Certificates of service along

with full copies of said RESPA QWR and TILA request were also posted on the court's ECF

system on February 10, 2011, where they appear as Documents Number 16 and 17.

22.     No substantive response was received to the information requested in either the TILA or

RESPA requests.  However, counsel for the Plaintiff received three (3) correspondences

respectively dated February 18, 2011, February 23, 2011 and March 1, 2011 from "IndyMac

Mortgage Services" requesting signed authorization from the debtor and demanding payment for

the information requested.   The Plaintiff through counsel responded to the request for payment

in a letter dated March 4, 2011 citing the provision of RESPA which prohibits a servicer from

charging fees in exchange for information requested.  To date, the Plaintiff has not received any

substantive written response to either or RESPA or TILA request or to her letter of March 4,

2011.  However, on Friday August 5, 2011, a package of documents said to be a response to

RESPA was received from Ana Garcia of OneWest Bank, FSB.

23.     Upon information and belief, the Plaintiff avers that the purported Assignment of Mortgage, annexed to OneWest Bank FSB's  proof of claim is signed by  Brian Burnett Assistant Vice President of Mortgage Electronic Registration Systems, Inc. as Nominee for IndyMac Bank, F.S.B. on **October  13, 2010**, without any supporting documentation to substantiate his authorization to do so.

24.      Upon information and belief, the Plaintiff avers that said Assignment of Mortgage attached to OneWest's proof of claim, is of fraudulent nature and of questionable origin. Based upon information and belief,  Brian Burnett is not an appropriate party to sign and/or authorize such assignments on behalf of Mortgage Electronic Registration Systems, Inc. ( "MERS") as nominee for IndyMac Bank FSB.  As the purported assignor, a defunct inoperable bank taken over by the FDIC, was not a viable entity on the date of the assignment.

24.     The Plaintiff is informed and therefore believes,   Mr. Burnett  had no personal knowledge of the purported transfer alleged in the Assignment of Mortgage nor could he have been employed or even had contact parties at the time of the assignment at IndyMac Bank, FSB on the date of the assignment.

25.     Based upon information and belief, IndyMac Bank FSB the alleged assignor was not an active member of MERS on the date of said assignment, ie., October 13, 2010.

26.     Based upon information and belief, the Plaintiff avers that under the rules of MERS membership, Mr. Burnett may not be an appropriate person to serve as a certifying officer. According to the testimony of Mr. R.K. Arnold, former CEO of MERSCORP, parent company of Mortgage Electronic Registration Systems, Inc., in at least 1 unrelated case, members may request certain parties be named as certifying officers of MERS and that pursuant to the

membership rules, the parties offered up to become certifying officers are supposed to be corporate officers of the members with authority sufficient to bind the member.

27.     The Plaintiff is informed and therefore believes that Mr. Burnett was not a corporate officer of the defunct bank, IndyMac Bank FSB with authority to bind said company.

28.     Purported creditor, OneWest Bank, FSB, fails to explain let alone provide adequate documentation to evidence how when and from whom it derived its rights to bring a claim in this court.

29.     Based upon information and belief, the Note – regardless of which version is referenced - in the instant case was  separated from the Mortgage in that the two documents have taken different paths and did not transfer together.   The note separated from the mortgage is unenforceable as a secured debt.


30.     Mr. Burnett has also signed numerous documents recorded on land records and in at least SEVEN (7) other State and Federal court cases throughout the United States.  Mr. Burnett's title changed to sign as a nominee of as many as 27 different companies.


31.     To the extent that Mr. Burnett by any title is an employee of OneWest Bank FSB, as he presents himself in an "Assignment of Deed of Trust" dated May 19, 2010 in a pending Bankruptcy case, In re Martha Doble Case #09-16970-LA13, the debtor avers that Mr. Bennett would have a serious conflict of interest acting on behalf of both the Assignor and the Assignee in the instant case .

32.     Based upon information and belief,  Mr. Burnett is not who he purports to be in the instant Assignment of Mortgage and said document was manufactured for the purpose of fooling the court into believing OneWest is a real party in interet.

9

33.    OneWest Bank, FSB and/or Indymac Mortgage Services do not represent themselves to the court to be acting a mortgage servicer on behalf of a secured creditor and instead is holding out OneWest to be the real party in interest.

34.    OneWest Bank, FSB in a proof of claim is holding itself out with a bogus assignment - purporting to assign both the mortgage *and* the note - to make it appear that OneWest Bank, FSB is actually the owner of the debtor's loan.  The court may take judicial notice that MERS is not identified anywhere on the note, there is no proof to indicate MERS has ever had ownership of the debtor's Note and thus MERS has no basis for authority to assign the note.

35.    Based upon information and belief, the owner of the Plaintiff's mortgage and note is Fannie Mae.

36.    Neither OneWest nor IndyMac Mortgage Services provide any chain of transfers attached to the proof of claim to explain how or when FannieMae came to own the Plaintiff's loan.

37.    Neither OneWest nor IndyMac Mortgage Services provide a copy of a servicing agreement with Fannie Mae.

38.    Neither OneWest nor IndyMac Mortgage Services inform the court that the real party in interest is FannieMae.

39.    Nothing attached to the proof of claim indicates the identity of Fannie Mae as the real party in interest or any agency relationship existing between OneWest and Fannie Mae or as between IndyMac Mortgage Services and Fannie Mae.

40.    The Fannie Mae records of the debtor's loan contradicts the documents provided by the claimant OneWest Bank, FSB.

41.    Fannie Mae either owns the debtor's mortgage and note in its own portfolio or the same is owned by a trust maintained by Fannie Mae

## V.     FIRST CLAIM FOR RELIEF: FRAUD

42.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 41.

43.     The assignment of mortgage executed by Brian Burnett constitutes an express, willful and knowing fraud by Defendants perpetrated individually and collectively by Defendants on both the Court and on the Plaintiff.

44.     Upon information and belief, Brian Burnett lacks authority to execute any document on behalf of IndyMac Bank FSB ( the named payee on the Plaintiff's promissory note).

45.     Upon information and belief, Brian Burnett is not an employee of Mortgage Electronic Registration Systems, Inc.

46.     Mortgage Electronic Registration Systems, Inc. has never had any legal interest in the debtor's Note.

47.     As an employee of OneWest Bank FSB, when Brian Burnett assigned the Note and Mortgage to OneWest Bank, FSB., Brian Burnett and OneWest Mortgage FSB were effectively attempting to transfer the Plaintiff's loan to themselves.

48.     The claim that the loan was transferred in this manner therefore represents a fraud upon the Court.

## VI.  SECOND CLAIM FOR RELIEF:
## LACK OF STANDING / REAL PARTY IN INTEREST

49.     The allegations in paragraphs 1 through 48 of this complaint are realleged and

incorporated herein by this reference.

50.     The originator of the mortgage loan at issue is "IndyMac Bank, F.S.B. a Federally

Chartered Savings Bank".  According to the public records maintained by the FDIC, IndyMac

Bank, FSB became an inactive institution on **July 11, 2008** – more than 2 years before Mr.

Burnett acted as a nominee for IndyMac Bank, FSB as aforesaid.

51.     There is no documentation provided in Proof of Claim #2-1 proving a complete chain of

title from "IndyMac Bank, FSB" to "OneWest Bank, F.S.B.".

52.     There is no documentation provided in Proof of Claim #2-1 proving a complete chain of title from "IndyMac Bank, FSB" to Fannie Mae.

53.     The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; OneWest Bank, F.S.B. has failed to meet this burden.

54.     There was no writing filed with the Proof of Claim demonstrating OneWest Bank, F.S.B.'s interest on the property securing such claim in violation of B.R. 3001(c).

55.     The Note attached to the Proof of Claim names IndyMac Bank F.S.B. as "Lender" and the endorsement at the end of one copy of the note the Note is in blank.  According to the public records maintained by the FDIC at www.FDIC.gov, IndyMac Bank, FSB was taken over by FDIC receivership and subsequently acquired by "IndyMac Federal Bank, FSB" on **July 11, 2008**.  Thereafter, IndyMac Federal Bank, FSB became an inactive institution on **March 19, 2009**.  There is nothing offered in the proof of claim to indicate what assets of IndyMac Bank, FSB existed and more importantly which, if any, assets transferred at the time of the FDIC receivership to IndyMac Federal Bank FSB.

56.     To the extent only servicing rights to the Plaintiff's loan were acquired by OneWest Bank, FSB purchased assets of IndyMac Federal Bank FSB from the FDIC in  receivership, OneWest Bank, FSB cannot be the real party in interest and must prove itself an agent ( servicer) of a third party with a valid claim.

57.     To the extent OneWest Bank FSB claims it actually owns the Plaintiff's loan, the court may take judicial notice that there is no endorsement from the FDIC on the Note attached to the proof of claim to indicate a complete chain of transfers.  Furthermore, the FDIC online records indicate IndyMac Federal Bank, FSB were sold via receivership to OneWest Bank FSB.

58.    There is no indication in the proof of claim that OneWest Bank acquired the Plaintiff's

loan from the FDIC as receiver.  The so-called "Assignment of Mortgage" purports a direct

transfer of the mortgage and note from the originator, IndyMac Bank FSB to OneWest Bank

FSB.

59.    The  FDIC records are contradicted by the purported assignment of mortgage presented

in the instant case.   According to the FDIC records, this direct transfer described in the Brian

Burnett Assignment of Mortgage is not accurate.   There is no further endorsement on the note to

indicate the same was transferred via IndyMac Federal Bank FSB or via FDIC receivership

endorsement.

60.    The same creditor, OneWest Bank FSB, indicated on the instant POC lost as a plaintiff in

an action to foreclose in a case with nearly identical facts - including the production of a Note

endorsed in blank signed by IndyMac Bank, FSB - for failure to produce a Note with a proper

endorsement from the FDIC.  (See <u>OneWest Bank, FSB vs. Scott Cullen et al</u>, NYS Supreme

Court, Ulster County, J. Zwack Decision March 3, 2010.)

61.     The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's

property and, again, is in the name of IndyMac Bank FSB. It may well have created a lien on the

property as collateral for a debt (the "Note"), but does not in and of itself create a debt.   A

Mortgage is transferred by assignment or delivery, and there is no proof of delivery attached to

the Proof of Claim.  Had the "story" been proof of delivery, it would have been easy enough to

attach documentation of such delivery to the proof of claim.

62.    The Plaintiff fully anticipates the tired argument from OneWest Bank FSB that "we don't

need an assignment" yet the undersigned also predicts there will be no explanation for the

submission of the instant bogus assignment to this court causing the Plaintiff to go to great

lengths to confirm the validity of the same.

63.    According to the public records of Fannie Mae available at www.FannieMae.com Fannie

Mae claims to own the Plaintiff's loan.  This begs the question of why, OneWest Bank, FSB in a

proof of claim is holding itself out with a bogus assignment  - purporting to assign both the

mortgage *and* the note - to make it appear that OneWest Bank, FSB is actually the real party in

interest and has the right to file a claim and seek payment as the rightful owner of the debtor's

loan.

64.    There is no apparent chain of transfers attached to the proof of claim to explain how or

when FannieMae came to own the debtor's loan.  The FannieMae records of this loan contradicts

the documents provided by the claimant OneWest Bank, FSB as aforesaid.

65.    A federal Court cannot have jurisdiction unless a party has constitutional standing. The

claimant fails to provide any credible evidence as to if and when a negotiation of the Note to

OneWest Bank, FSB or its principle actually occurred. The endorsement in blank leaves the

court and the Plaintiff  to guess when any negotiation of the note occurred.

66.    OneWest Bank, FSB, if a servicer,  is not a creditor and has failed to provide any

evidence that it currently owns the Plaintiff's note or is acting as an authorized agent of Fannie

Mae or any other real party in interest.

67.    OneWest Bank, FSB is therefore, not a creditor or the real party in interest and has no

standing to file the instant motion.

68.    OneWest Bank FSB has no constitutional standing to file its sworn proof of claim in the

Plaintiff's Chapter 13 case.

69.    In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and

Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a

holder, because pleading *and* standing issues which arise in the context of our federal court

system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real**

**party in interest**.* (emphasis added)

70.    A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R.

Civ. P. 17.

71.    The Plaintiff avers that the *real party in interest* in a federal action to enforce a note,

whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual

name of the actual note owner is not stated , OneWest Bank, FSB's very claim is defective.

72.    In the case of <u>Deutsche Bank Nat'l Trust Co. v. Steele</u>, 2008 WL 111227 (S.D. Ohio)

January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in

support of its motion for default judgment indicating that MERS was the mortgage holder. There

was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of

the note as of that date. In following In re Foreclosure Cases, 2007 WL 456586, the Court held

that summary judgment would be denied "until such time as Deutsche Bank [the movant] was

able to offer evidence showing, by a preponderance of evidence, that it owned the note and

mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given

twenty-one days to comply. Id.


73.    In a decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy Judge

for the Western District of Washington cited the matter of In Re Jacobson , 19 CBN 522 (Bankr.

W.D. Wash. 2009) and denied a motion filed by a servicing agent for lack of standing because it

was not brought in the name of the party who had the right to enforce a deed of trust and did not

establish that the movant was authorized to act on behalf of the party who had such right.

74.     In the case at bar, the claimant, OneWest Bank, FSB, establishes only that it is neither the

holder nor the owner of the note. OneWest Bank, FSB neither asserts that it has a beneficial

interest in the Note affixed to its proof of claim and further offered no viable explanation for the

"convenient" assignment of mortgage and note purporting to transfer the loan. Insofar as

OneWest Bank, FSB is a mortgage loan servicer, it cannot enforce the note in its own right in

that according to the information in the attached documents and the information available

through MERS, the loan is owned by Fannie Mae with which OneWest Bank, FSB has not

established an agency relationship.

75. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal

courts to "Cases or Controversies."  Justice Powell delivered the Opinion of the Supreme Court

in the case of <u>Warth v. Seldin</u> addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the
> court decide the merits of the dispute or of the particular issues. This query
> involves both constitutional limitations on federal court jurisdiction and
> prudential limitations on its exercise. In its constitutional dimension, standing
> imports judiciability: whether the plaintiff has made out a —case or
> controversy‖ between himself and the defendant within the meaning of Art.III.
> This is the threshold question in every federal case, determining the power of the
> court to entertain the suit. As an aspect of judiciability, the standing question is
> whether the plaintiff has —alleged such a personal stake in the outcome of the
> controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to
> justify exercise of the court's remedial powers on his behalf. <u>Baker v. Carr</u> 369
> U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial
> power exists only to redress or otherwise to protect against injury to the
> complaining party…A Federal court's jurisdiction therefore can be invoked only
> when the plaintiff himself has suffered —some threat or actual injury resulting
> from the putatively illegal action…‖ <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614,
> 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ <u>Warth v. Seldin</u> 422U.S.490,
> 498 (1975)

16

> Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ <u>Warth v. Seldin</u> 422 U.S.490, 499 (1975) (**emphasis added**)

76.    The Plaintiff in the instant case reiterates that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity."

*Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability.

*Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472*.

77.    OneWest Bank, FSB may only be a servicer and while a servicer may be able to bring a claim on behalf of its principle, it must disclose the identity of its principle to the court and set forth a valid claim of its principle.   A servicer cannot be permitted to file false documents with the court and hold itself out to be a real party in interest if in fact, it is not.

78.    As set forth hereinabove, the claimant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself.

79.      OneWest Bank, FSB as claimant presumably seeks to redress an alleged wrong to what is

presumed to be a third party or parties, (ie, the holder and owner of the Plaintiff 's Note and

Mortgage) and thus the claimant in the case at bar lacks standing in a federal court. OneWest

Bank, FSB cannot bring this claim without properly either identifying direct injury or threat of

injury to itself or by joining a real party in interest.

80.      The minimum constitutional requirements for standing in a federal court are: proof of

injury in fact, causation and redressability. <u>Valley Forge Christian College vs. Americans United</u>

<u>for Separation of Church & State, Inc</u>. 454 U.S. 464, 472 (1982). In its proof of claim, OneWest

names itself  a secured creditor.  OneWest Bank, FSB has not shown that it has any stake in the

ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as

an owner of the Plaintiff's loan has been by way of fraudulent and misleading documents.

81.      It is well anticipated that OneWest Bank, FSB will respond to this objection by asserting

that the assignment, regardless of validity, is unnecessary. This phenomenon of submitting

written assignments and then arguing they are of no consequence or otherwise unnecessary, is

not unique to the documents submitted in this Federal Court . In a February 2009 decision <u>Wells</u>

<u>Fargo Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass</u>

<u>Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin</u>, et al 2009 NY Slip Op 50197(U)

NY Supreme Court Judge Arthur Schack was concerned for the authenticity and motivation

behind certain assignments in deciding a motion for summary judgment in a foreclosure action. J.

Schack denied plaintiff's motion expressing the court's reservations as to a series of two

questionable assignments , "…the Court requires an explanation from an officer of plaintiff

Wells Fargo explaining why, in the midst of our national subprime mortgage financial crisis,

plaintiff Wells Fargo purchased from MERS, as nominee for First Franklin, a nonperforming

loan." And further noted that the motion was denied without predjudice provided the moving

party, had but 60 days to provide documentation by way an affidavit from an officer of plaintiff,

WELLS FARGO BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN

TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15,

explaining why plaintiff took the September 10, 2007 assignment of the instant nonperforming

loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS,

INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells

Fargo v. Sait Aubin p. 6


82.      The Honorable Judge Arthur Schack, NYS Supreme Court, Kings County, when

presented with written assignments of questionable nature in foreclosure actions has routinely

not permitted the Plaintiff to switch gears after submitting such writings to later claim that no

writing is required. In fact , Judge Schack has taken the position that once a writing is submitted,

the court will require a thorough and complete verification of its authenticity. Judge Schack has

repeatedly denied plaintiffs motions in foreclosure actions requiring additional verification

pertaining to the authenticity of submitted assignments. WELLS FARGO BANK, N.A., as

Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL.

37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ;

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing

Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-

BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY, ET. AL. 2009

NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided

February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO

ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New

York, Kings County Decided February 6, 2009.

83.    As one Court described the bank's burden to show standing:

> "If the claimant is the original lender, the claimant can meet its burden by
> introducing evidence as to the original loan. If the claimant acquired the note
> and mortgage from the original lender or from another party who acquired it
> from the original lender, the claimant can meet its burden through evidence that
> traces the loan from the original lender to the claimant. A claimant who is the
> servicer must, in addition to establishing the rights of the holder, identify itself
> as an authorized agent for the holder.‖ Maisel, 378 B.R. at 22 (quoting In re
> Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).

84.    In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells

Fargo's  first attempted Motion for Relief from Stay on the Court's own motion in a written

opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time,

claiming, in part, possession of the original note endorsed in blank.  The court was not convinced,

stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From

Stay  as follows:

> "With respect to the assignment of the note and mortgage, the October 27
> Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion
> does not in and of itself indicate bad faith. However, in the absence of a credible
> explanation, *describing how, when and from whom Wells Fargo derived its
> rights, relief from the stay will not be granted.*' Mims, 438 B.R. at 57 (emphasis
> added). The Renewed Motion provides some but not all of this information."

A copy of  Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief

from Stay appears in the Mims ECF Docket as Document #42.

85.     In the instant case as in the <u>Mims</u> case, there is a complete lack of any credible

explanation describing how, when and from whom OneWest Bank, FSB derived its rights.

There is a clear question of fact as to the issue of OneWest Bank, FSB's standing to bring a

claim and the MERS Assignment of Mortgage presented does not play in the claimant's favor.

In the very recent case of  <u>In re: Ferrel L. Agard</u>, Case No. 810-77338-reg, United States

Bankruptcy Court, EDNY, February 10, 2011 The court granted the movants Motion for Relief

From Stay based on the Rooker- Feldman doctrine, but wrote an extensive opinion addressing

the divergent paths of a Note and Mortgage when the MERS system is utilized.  In <u>Agard</u>, the

court recognized that the moving party, US Bank, claimed to be the holder but did not produce

the Note.  The court went on to say that even if the note was produced, it would be of no

consequence if the mortgage was transferred via the MERS system,

> "…even if the Movant could show that U.S. Bank is the holder of the Note, it
> still would have to establish that it holds the Mortgage in order to prove that it is
> a secured creditor with standing to bring this Motion before this Court…. While
> it is generally true that a mortgage travels a parallel path with its corresponding
> debt obligation, the parties in this case have adopted a process which by its very
> terms alters this practice where mortgages are held by MERS as "mortgagee of
> record." By MERS's own account, the Note in this case was transferred among
> its members, while the Mortgage remained in MERS's name. MERS admits that
> the very foundation of its business model as described herein requires that the
> Note and Mortgage travel on divergent paths. Because the Note and Mortgage
> did not travel together, Movant must prove not only that it is acting on behalf of
> a valid assignee of the Note, but also that it is acting on behalf of the valid
> assignee of the Mortgage." <u>Agard</u> pg. 21, attached.

As aforesaid, MERS is identified in the instant Debtor's mortgage as mortgagee of record and

MERS is identified on the land records as the Mortgagee.  The claimant offered a MERS

assignment to this court to prove its entitlement to enforce the mortgage.  Unfortunately, it seems

none of the parties manufacturing and presenting the assignment bothered to check the facts

21

contained therein, including the actual registration of the assignor with MERS or the authority of

Mr. Burnett to execute a document on behalf of a defunct entity.   There is no proof provided to

date to indicate the debtor's mortgage was ever actually assigned through MERS.  Arguably, this

would mean that the debtor's mortgage never transferred and the questionable assignment of

mortgage becomes more suspicious.

86.     OneWest Bank FSB's actions in filing the POC in this case when it is not the real party

in interest with standing to do so, constitutes a gross and willful violation of the Automatic Stay

pursuant to 11 U.S.C. section 362(a)(3).

87.     As a result of the violation of the automatic stay as described herein, OneWest Bank FSB

is liable to the Plaintiff for actual damages, punitive damages and legal fees under 362(k)(1) of

the Bankruptcy Code.

## VII.  THIRD CLAIM FOR RELIEF: VIOLATION 15 U.S.C. 1641 (F) AND STATUTORY DAMAGES PURSUANT TO 15 U.S.C. 1640(A)

88.     The allegations in paragraphs 1 through 89 of this complaint are realleged and
incorporated herein by this reference

89.     Section 404 of Public Law 111-22 reads in relevant part as follows:

**SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS.**
(a) IN GENERAL.—Section 131 of the Truth in Lending Act
(15 U.S.C. 1641) is amended by adding at the end the following:
__(g) NOTICE OF NEW CREDITOR.—
__(1) IN GENERAL.—In addition to other disclosures required by this title, **not later than 30
days after the date on which a mortgage loan is sold or otherwise transferred or assigned to
a third party, the creditor that is the new owner or assignee of the debt shall notify the
borrower in writing of such transfer**,
__(A) the identity, address, telephone number of the
new creditor;
__(B) the date of transfer;
__(C) how to reach an agent or party having authority
to act on behalf of the new creditor;
__(D) the location of the place where transfer of ownership
of the debt is recorded; and

__(E) any other relevant information regarding the new
creditor.
__(2) DEFINITION.—As used in this subsection, the term _mortgage loan' means any consumer
credit transaction that is secured by the principal dwelling of a consumer.''.

**(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth
in Lending Act (15 U.S.C. 1640(a)) is amended by inserting ,,,,subsection
(f) or (g) of section 131,"" after ,,,,section 125,"". (Emphasis Added**)

90.    15 U.S.C. 1640(a) Civil Liabilities provides for damages to the debtor as follows:

(a) **Individual or class action for damages; amount of award; factors determining amount
of award**
Except as otherwise provided in this section, any creditor who fails to comply with any
requirement imposed under this part, including any requirement under section 1635 of this title,
or part D or E of this subchapter with respect to any person is liable to such person in an amount
equal to the sum of—
(1) any actual damage sustained by such person as a result of the failure;
(2)
(A) …
(iii) in the case of an individual action relating to a credit transaction not under an open end
credit plan that is secured by real property or a dwelling, not less than $400 or greater than
$4,000…"

91.    15 U.S.C. 1640(a)(B)(3) further provides for additional damages including the costs of

the action and reasonable attorneys fees, as determined by the Court.

92.    The Assignment affixed to the Proof of Claim offered by OneWest Bank, FSB is dated

October 13, 2010**.** The Plaintiff requests the Court to take judicial notice that the date of this

instant pleading is well past the 30 days required for notice under §131 of the Truth in Lending

Act.

93.     As of the date of this pleading, the Plaintiff has not received notice of the purported

assignment of her mortgage to OneWest Bank, FSB, despite OneWest Bank, FSB's statutory

obligation to provide such to the debtor. The Debtors aver that the fact this obligation was not

met by OneWest Bank, FSB in the face of statutory damages, further evidences the likelihood

23

that the Assignment of Mortgage is a false document and does not effectuate an actual valid

assignment.

94.      To the extent the purported Assignment of Mortgage in the instant case is deemed a valid

assignment and OneWest Bank, FSB is determined to be the new assignee, the Plaintiff is

entitled to  statutory damages, costs and an award of legal fees from OneWest Bank, FSB.

## VIII    FOURTH CLAIM FOR RELIEF: Failure to provide the identity of the owner or master servicer of the Mortgage Loan as required by TILA §131(f) [15 U.S.C. §1641(f)]

95. The allegations of paragraphs 1 through 94 of this Complaint are hereby re-alleged and

incorporated by reference.

96.      15 U.S.C. 1641(f)(2) states "Upon written request by the obligor, the servicer shall

provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone

number of the owner of the obligation or the master servicer of the obligation."

97.      As of June 7, 2011, Defendant has still refused to identify the owner of the Mortgage

Loan, thus violating 15 U.S.C. §1641(f).

98.      In *Rush v. American Home Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 33630, 26 (D. Md.

Apr. 6, 2010), the District Court of Maryland held that monetary damages could be assessed

against a mortgage servicer for violations of this code section.  the statutory requirement that the

servicer reveal the owner or master servicer under TILA 15 U.S.C. § 1641(f)(2). Plaintiff's

claim for violation of §1641(f)(2), as already discussed, provides monetary damages.

## IX      FIFTH CLAIM FOR RELIEF: Failure to respond to a "qualified written request" regarding the Mortgage Loan pursuant to §§6(e)(1)(a) and 6(k)(1)(D) of the Real Estate Settlement Procedures Act ("RESPA")[12 U.S.C. §2605(e)(1)]

99.      The allegations of paragraphs 1 through 98 of this Complaint are hereby re-alleged and
incorporated by reference.

100.    Plaintiff's February 10, 2011 letter to Defendant is a "qualified written request" as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)].

101.    Thus Plaintiff's February 1, 2011 letter had the dual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1).
…the statutory requirement that the servicer reveal the owner or master servicer under TILA 15 U.S.C. § 1641(f)(2).
Plaintiff's claim for violation of §1641(f)(2), as already discussed, provides monetary damages

102. RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly. The language of the provision is broad and clear. *Catalan v. GMAC Mortg. Corp.,* 629 F.3d 676 (7th Cir. Ill. 2011).

103.    12 U.S.C. 2605(k)(1)(D) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act states that:

A servicer of a federally related mortgage **shall not**…fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan;

104.    Pursuant to this provision, Plaintiffs requested the identity of the owner of their mortgage loan and Defendant wholly failed to respond.

105.    By virtue of its continuing non-compliance with this section of RESPA, Defendant is liable under 12 U.S.C. 2605(f) for civil liability.

## X.    SIXTH CLAIM FOR RELIEF:  OBJECTION TO PROOF OF CLAIM

106.    The allegations in paragraphs 1 through 105 of this complaint are realleged and

incorporated herein by this reference.

107.    Defendant  OneWest Bank FSB's POC lacks prima facie validity in that it fails ro comply

with Bankruptcy Rule 3001, which requires that a proof of claim conform substantially to the

Official Bankruptcy Form ( ie., Official Form B10) be executed by the creditor or an authorized

agent of the creditor, and when a proof of claim is based upon a writing, the original or a

duplicate of the writing shall be filed with the proof of claim. ( *See* Bankruptcy Rule 3001(a), (b)

and (c).)

108.    The party identified as "creditor" in the POC, OneWest Bank FSB, was not scheduled by the debtor as a creditor.

109.    No power of attorney or evidence of an agency relationship between OneWest Bank FSB and the real party in interest is attached to the POC.

110.    The documents attached to the POC do not support or otherwise evidence US Bank's alleged secured claim.  The certified true copy is not indorsed.  To the extent the second copy of the note attached to the POC is indorsed in blank via rubber stamped indorsement the same is unverified as a genuine indorsement.  The note does not have an indorsement stamp from the FDIC.  There is no clear chain of transfer from the originating lender to the creditor.

111.    The Assignment of Mortgage signed by Brian Burnett attached to the POC constitutes an affirmative fraud on the Court and Plaintffs insofar as it is a document fabricated by the claimant and/or its agent specifically ro deceive the Court and the Plaintiff egarding the oownership of the loan.

112.    The fees and charges added to the POC were neither reasonable nor authorized by law or the mortgage loan documents.

113.    Accordingly, the POC filed by OneWest Bank FSB should be disallowed pursuant to the Bankruptcy Code and Rules.

**WHEREFORE,** the Plaintiff, having set forth her claims for relief against Defendants respectfully pray of the Court as follows:

A.      That Proof of Claim #2-1 be expunged and disallowed;

B.      That Court direct the Chapter 13 Trustee to strike the proof of claim of OneWest Bank, FSB;

C.      That OneWest Bank, FSB and its agents, servicers, and the like be precluded from

filing any amended, modified or substitute claim in this case;

D.      That the Debtor have and recover against OneWest Bank, FSB a sum to be

determined by the Court in the form of actual damages;

E.      That the Debtor have and recover against OneWest Bank, FSB a sum to be

determined by the Court in the form of statutory damages;

F.      That the Plaintiff  have and recover against OneWest Bank, FSB a sum to be

determined by the Court for punitive damages;

H.      That the Plaintiff  have and recover against OneWest Bank, FSB a sum to be

determined by the Court all legal fees and expenses incurred by their attorney;

I.      That the Plaintiff be granted all Declaratory Relief as requested in the claims

asserted in this complaint; and

J.      That the debtors have such other and further relief as the Court may deem just and

proper.

> This the 8th Day of August 2011.
> __/S/ Linda M. Tirelli_____
> Linda M. Tirelli, Esq.,
> Law Offices of Linda M. Tirelli PC
> ONE NORTH LEXINGTON AVEUNE, 11TH FLOOR
> WHITE PLAINS, NEW YORK 10601
> PH(914) 946-0860 / FAX(914)946-0870